IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18 C 6384 |
| CHRIS CARPENTRY CO., KRYSIEK YOWALKOWSKI, and JAN BRYJAK, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case involves an insurance coverage dispute. Scottsdale Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Chris Carpentry Company or its owner, Krysiek Yowalkowski, in connection with a personal injury lawsuit against them by Jan Bryjak, who is also a defendant in the present case. Bryjak has moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and Yowalkowski has joined. For the reasons stated below, the Court denies the motion.

## Background

Annually from 2012 through mid-2019, Scottsdale issued to Chris Carpentry a commercial general liability insurance policy, which Scottsdale and Chris Carpentry renewed each July. The policy at issue in this case (the Policy) provided coverage from July 17, 2017 to July 17, 2018. It contained an "Injury to Worker Exclusion Endorsement" stating that the Policy did not cover a bodily injury to certain persons,

including employees, contractors, subcontractors, and sub-subcontractors, "if such 'bodily injury' arises out of and in the course of their employment or retention" as contractors, subcontractors, or sub-subcontractors, "regardless of whether or not [the injury] is caused in part by" Chris Carpentry. Am. Compl., dkt. no. 152, at 3. The Policy also included a provision stating that if Scottsdale initially defended an insured party or paid for the insured's defense but later determined that the claim was not covered by the policy, Scottsdale had "the right to reimbursement for the defense costs" it incurred. *Id.* at 4.

Prior to July 2016, the commercial general liability insurance policies issued by Scottsdale to Chris Carpentry contained no Injury to Worker Exclusion Endorsement. Scottsdale added that Endorsement in the policy that took effect in July 2016. It is undisputed that the addition of the Endorsement was a material modification to the policy and that, when Scottsdale made the modification, Scottsdale did not provide Chris Carpentry with prior written notice of it.

Jan Bryjak is a construction worker. He alleges that in March 2018, while working on a construction project in Hickory Hills, Illinois, he fell through a hole in a floor and sustained severe and permanent injuries. Chris Carpentry was a subcontractor engaged on the project. At the time of his injury, Bryjak was working for either Chris Carpentry or a sub-subcontractor, PTS Construction Services, Inc.

On May 18, 2018, Bryjak filed a personal injury lawsuit in the Circuit Court of Cook County, Illinois in relation to his fall (the Underlying Lawsuit). In the Underlying Lawsuit, Bryjak asserts various claims against and seeks damages from Chris Carpentry and Yowalkowski, as well as the owner of the construction site and other

2

contractors. Scottsdale is defending Chris Carpentry and Yowalkowski in the Underlying Lawsuit.

In September 2018, Scottsdale sued Chris Carpentry, Yowalkowski, and Bryjak in this Court based on diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). In its first amended complaint Scottsdale asserts five counts, in each of which it seeks a declaratory judgment regarding its duties in the Underlying Lawsuit. Only count 2 is relevant to the present order. In count 2, Scottsdale seeks a declaratory judgment finding that it has no duty to indemnify Chris Carpentry against any adverse judgment or settlement in the Underlying Lawsuit.

Bryjak answered the amended complaint and attached Scottsdale's responses to Bryjak's requests to admit as exhibits. In those responses, Scottsdale asserted that it issued the Policy as a surplus line insurer and thus was not subject to requirements under the Illinois Insurance Code for material modifications to insurance policies, 215 ILCS 5/143.17a(b).

Bryjak has moved for entry of judgment on the pleadings in its favor on Count 2. Yowalkowski has joined Bryjak's motion.

**Discussion**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "To survive a motion for judgment on the pleadings (or a motion to dismiss), the complaint must state a claim to relief that is plausible on its face." *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017) (internal quotation marks omitted). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is

clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). In assessing the motion, a court is "confined to the matters presented in the pleadings" and "must consider those pleadings in the light most favorable to" the nonmoving party. *Id.*

"The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). On a motion for judgment on the pleadings, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, the pleadings consist of the First Amended Complaint; the insurance policy Scottsdale issued to Chris Carpentry for the July 17, 2017 to July 17, 2018 period, attached as Exhibit A to the First Amended Complaint; the complaint in the Underlying Lawsuit and its exhibits, attached as Exhibit B to the First Amended Complaint; Bryjak's answer and four exhibits attached to it, including Scottsdale's responses to Bryjak's requests to admit; and Yowalkowski's answer. In response to Bryjak's motion for judgment on the pleadings, Scottsdale filed an opposition brief and attached an exhibit that is not part of the pleadings. The Court declines to treat Scottdale's opposition brief as a motion for summary judgment and thus will not consider the exhibit attached to that motion.

The parties dispute whether Scottsdale issued the Policy to Chris Carpentry as an authorized or unauthorized insurer. To do business in Illinois, an insurer must obtain a certificate of authority from the state's Director of Insurance. 215 ILCS § 5/24. An insurer that holds such a certificate is considered an authorized insurer. *Id.* § 5/445(1).

4

A party seeking insurance may be unable to obtain it from an authorized insurer, however, either because authorized insurers do not provide the desired type of coverage or because, after evaluating the insured's risk, they decline to provide coverage. *See* 50 Ill. Adm. Code § 2701.50(a) (describing situations where an insurance agent may fail to procure insurance after making a diligent effort); *see also People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380, 899 N.E.2d 227, 232 (2008) ("Administrative rules and regulations have the force and effect of law."). In those situations, the insured may procure insurance from an unauthorized insurer subject to certain requirements set forth in section 445 of the Illinois Insurance Code; insurance that meets those requirements is called surplus line insurance. 215 ILCS § 5/445(1)–(1.5); *see also* 50 Ill. Adm. Code § 2701.10; *Corday's Dep't Store, Inc. v. New York Fire & Marine Underwriters, Inc.*, 442 F.2d 100, 103–04 (7th Cir. 1971) ("[T]he object and purpose of surplus line insurance provisions, as elucidated by the Illinois courts, is to make it possible to secure protection against a risk when authorized companies will not provide that protection.").

The question of whether Scottsdale was an authorized or surplus line insurer could determine the validity of the Injury to Worker Exclusion Endorsement and, accordingly, whether Scottsdale must indemnify Chris Carpentry for covered bodily injuries suffered by workers such as Bryjak. Under the Illinois Insurance Code, when renewing a policy, an authorized insurer is required to notify the insured of changes in "coverage that materially alter the policy." 215 ILCS § 5/143.17a(b); *see also Guillen ex rel. Guillen v. Potomac Ins. Co. of Ill.*, 203 Ill. 2d 141, 152, 785 N.E.2d 1, 8 (2003) (finding that an insurer failed to comply with the notice requirements of section

143.17a). If an authorized insurer fails to provide such notification of a material modification, then it is required to "renew the expiring policy" under its prior terms or conditions. 215 ILCS § 5/143.17a(c). In other words, the material modification will not take effect, *Guillen*, 203 Ill. 2d at 157, 785 N.E.2d at 11. This notification requirement does not apply to material modifications of "contracts procured by agents under the authority of Section 445"—the section of the Illinois Insurance Code relating to surplus line insurance. 215 ILCS §§ 5/143.11 (regarding cancellation provisions), 5/143.17a(b) (applying the cancellation provisions' exception for a company with surplus line insurance to the provision regarding material modifications); *see also Aguilera v. Pac. Ins. Co.*, No. 95 C 1163, 1996 WL 14043, at *1 n.1 (N.D. Ill. Jan. 11, 1996) ("[A] certain freedom from state regulation occurs in exchange for the willingness of out-of-state [surplus line insurers] to provide insurance to Illinois citizens who would otherwise go uninsured.").

Bryjak argues that the addition of the Injury to Worker Exclusion Endorsement to the policy was a material modification, that Scottsdale failed to notify Chris Carpentry of the change, and therefore that the Endorsement did not take effect. Scottsdale asserts that the modification requirement does not apply to the Policy because it issued the Policy as a surplus line insurer and, even if it was not a surplus line insurer, there are questions of fact regarding whether Chris Carpentry knew about and accepted the Endorsement. Bryjak contends that, to the extent Scottsdale was surplus line provider, Scottsdale has not established that agents procured the Policy under the authority of section 445.

For the Policy to have been "procured by agents under the authority of Section

6

445" and thus for Scottsdale to have been exempted from the requirement that it provide notice of material modifications, 215 ILCS § 5/143.11, the Policy must have been a surplus line insurance policy, *see id.* § 5/445(1). Viewing the pleadings in the light most favorable to Scottsdale, there is a genuine factual dispute regarding whether the Policy qualified as a surplus line insurance policy. To qualify as surplus line insurance, (1) a policy must be on a type of risk specified by statute, 215 ILCS § 5/445(1), including bodily injuries, *id.* § 5/4 Class 2(a); (2) the insurance producer must have been "unable, after diligent effort, to procure the insurance from authorized insurers," *id.* § 5/445(1); and (3) Illinois must be the home state of the insured, *id.* Nothing in the pleadings establishes whether the insurance producer obtained the policy after diligent effort to procure insurance from three or more authorized insurers "engaged in writing in Illinois the type of coverage sought." 50 Ill. Adm. Code § 2701.50(a) (stating the requirements for diligent effort by a surplus line producer). Nor do the pleadings establish that the insurance producer submitted the risk to insurers the producer deemed "most likely to accept the risk" because no authorized insurers provided the type of coverage Chris Carpentry sought. *Id.* And the pleadings do not establish, and Scottsdale does not argue, that the insurance producer was not required to make a diligent effort. To be excused from the diligent effort requirement, Chris Carpentry must be an "exempt commercial purchaser," as defined by section 445; the producer must have disclosed to Chris Carpentry that insurance "may or may not be available from authorized insurers that may provide greater protection with more regulatory oversight"; and Chris Carpentry, in writing, subsequently must have asked "the producer to procure such insurance from an unauthorized insurer." 215 ILCS §

445(1.5)(e); *see also* Ill. Adm. Code § 2701.50(c). Nothing in the pleadings establishes those facts. Therefore, a genuine factual dispute exists regarding whether the Policy qualified as a surplus line policy and, consequently, whether it was "procured by agents under the authority of Section 445." *See* 215 ILCS § 5/143.11. (Because the pleadings do not show whether the insurance producer met the diligent effort requirement, the Court need not address the other qualifications of surplus insurance.)

Viewing the pleadings in the light most favorable to Scottsdale, there also is a genuine factual dispute regarding whether the Policy met the Illinois Insurance Code's requirements for procurement, *id.* § 445(1.5), another factor necessary for the Policy to have been "procured by agents under the authority of Section 445" and thus be exempt from the requirement for notice of material modifications, *id.* § 5/143.11. Section 445 sets out several requirements for the procurement of surplus line insurance policies. The insurance producer must be licensed as a surplus line producer, *id.* § 445(1.5)(a), and the surplus line insurer must be "permitted in its domiciliary jurisdiction to write the type of insurance involved," *id.* § 445(1.5)(b)(i). Additionally, the insurer must have both a policyholders' surplus "of not less than $15,000,000 determined in accordance with the laws of [the insurer's] domiciliary jurisdiction" and "standards of solvency and management that are adequate for the protection of policyholders," or else the insurer must provide to the surplus line producer prior written warning that the policy did not meet those standards. *Id.* § 445(1.5)(b); *see also* 50 Ill. Adm. Code 2701.30(a)(1), (d). The pleadings do not establish whether the insurance producer or Scottsdale complied with these procurement requirements, and thus there is a genuine factual dispute regarding whether the Policy was "procured by agents under the authority of Section

8

445." *See* 215 ILCS § 5/143.11.[1]

Citing *First Specialty Insurance Corp. v. Continental Casualty Co.*, No. 01 C 9175, 2002 WL 31386521 (N.D. Ill. Oct. 21, 2002), Bryjak argues that Scottsdale failed to plead or demonstrate that the Policy was procured by agents under the authority of the surplus line section of the Insurance Code. Specifically, Bryjak contends, the Policy was not issued in accordance with the notice requirements for surplus insurers. Surplus line insurance contracts must have a notice stamped on the first page in twelve-point, bold-face type providing notice to the policyholder that the "contract is issued by" a surplus line insurer "and as such is not covered by the Illinois Insurance Guaranty Fund." 445(10.5); *see also* 50 Ill. Adm. Code § 2701.120. In *First Speciality*, an insurer brought an action seeking a declaratory judgment of its rights and liabilities regarding a separate lawsuit. *First Specialty Ins. Corp.*, 2002 WL 31386521, at *1. One of the defendants moved to strike all of the insurer's pleadings, including its answer, because the insurer failed to post a pre-judgment security prior to filing its answer, as required of unauthorized insurers that have not "effected" the at-issue insurance policy "in accordance with Section 445." *Id.* at *1 (quoting 215 ILCS § 5/123(8)). The court found that the insurer had not "demonstrated that it issued the insurance policy in accordance with Section 445," *id.* at *3, because the insurer did not allege that it had met the

---

[1] Potential affirmative defenses "typically turn on facts not before the court" before discovery, and a court may dismiss a case on the basis of an affirmative defense only if "all relevant facts" are in the pleadings. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Because, based on the pleadings, there is a genuine factual dispute regarding whether the Policy was procured by agents under the authority of section 445, the Court need not address the parties' arguments regarding who bears the burden of proof on whether Scottsdale properly issued the Policy as a surplus line insurer.

requirements of that section of the Insurance Code, such as the requirement that the insurance producer make a diligent effort to find an authorized insurer, id. at *2. The court also found that the existence of a declaration page with the surplus line insurer notice did not "demonstrate that the policy was issued in accordance with Section 445," and noted that, although a copy of the policy contained the requisite notice, the copy attached to the complaint did not contain it. Id. at *3 (internal quotation marks omitted).

Bryjak argues that Scottsdale's alleged failure to include the notice on the front page of the Policy shows that the policy was not procured by agents under the authority of section 445. But the court in *First Specialty* did not find that such a notice was necessary for an insurance policy to be effected in accordance with section 445; rather, it found that such a notice did not establish in itself that an insurer issued a policy in accordance with section 445. See id. at *3. In this case, the alleged absence of a notice on the front page of the Policy likewise does not by itself establish whether the Policy was procured by agents under the authority of section 445. Accordingly, the absence of such a notice does not support entry of judgment on the pleadings.[2]

To the extent that Scottsdale argues that Bryjak cannot assert a cause of action to challenge any violations by Scottsdale of the Illinois Insurance Code, that argument is misplaced. A cause of action is defined as "[a] group of operative facts giving rise to one or more bases for suing" or "a factual situation that entitles one person to obtain a

---

[2] Scottsdale alleged that the insurance policy attached to its complaint was a "true and correct" copy of the policy it provided to Chris Carpentry; that copy contains no notice that the policy was for surplus line insurance. Scottsdale argues that the version of the policy it actually provided to Chris Carpentry contained a declaration page with such notice, which it attached as an exhibit to its opposition brief. Because, as indicated, the Court does not consider the exhibit attached to Scottsdale's opposition brief, the Court does not address Scottsdale's contentions regarding that exhibit.

10

remedy in court from another person." Black's Law Dictionary (11th ed. 2019). "An affirmative defense is not a cause of action." *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 401 n.7 (7th Cir. 2014) (internal quotation marks omitted). Bryjak challenged Scottsdale's compliance with the Illinois Insurance Code's regulations of surplus line insurers through affirmative defenses; thus, whether a private person has a cause of action regarding such compliance is inapposite.[3] *See Costello v. Grundon*, 651 F.3d 614, 624 (7th Cir. 2011) ("No private right of action under a statute is necessary to assert a violation of that statute as an affirmative defense."). Therefore, the Court need not address whether section 445 grants a cause of action to private persons.

Because a genuine factual dispute exists regarding whether the Policy was procured by agents under the authority of the surplus line section of the Insurance Code, the Court need not address whether the Injury to Worker Exclusion Endorsement was an invalid material modification. As indicated, the notification requirement for material modifications does not apply if the Policy met the requirements for surplus line insurance. Accordingly, the Court also need not address Scottsdale's argument that there are disputes of facts regarding whether Yowalkowski was aware of the material modification.

**Conclusion**

For the foregoing reasons, the Court denies Bryjak's and Yowalkowski's motions

---

[3] Accordingly, the Court does not address Bryjak's argument that, to the extent Bryjak had no cause of action regarding Scottsdale's alleged violations of the Illinois Insurance Code, the Court may consider such violations because Scottdale's conduct was vexatious and unreasonable.

for judgment on the pleadings [dkt. nos. 168, 174].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  December 22, 2019